Filed 6/21/23  In re Victoria R. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re Victoria R. et al., Persons Coming Under the Juvenile Court Law. | B323066 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>T.B.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. Nos. 18LJJP00818A–B) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Stephanie M. Davis, Commissioner.  Appeal dismissed.

Johanna R. Shargel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

T.B., the mother of Victoria R. and Elizabeth W., (Mother) appeals from the juvenile court's orders denying her petitions for modification under Welfare and Institutions Code[1] section 388 and appointing a legal guardianship for her children. We dismiss the appeal pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835 (*Phoenix H.*) and *In re Sade C.* (1996) 13 Cal.4th 952 (*Sade C.*).

On December 11, 2018, the Los Angeles County Department of Children and Family Services (DCFS) filed a section 300 petition on behalf of then five-year-old Victoria and three-year-old Elizabeth. The petition alleged that Mother had a history of substance abuse and was a current abuser of drugs and alcohol, and that she had left the children with their maternal great-aunt, N.B., without making a plan for their ongoing care and supervision. At the detention hearing, the children were detained from Mother and placed with N.B. under DCFS's supervision. The children remained in N.B.'s care throughout the dependency proceedings.

At the May 8, 2019 jurisdictional and dispositional hearing, at which no parents appeared, the juvenile court found that notice had been given as required by law. The court sustained the petition as alleged, declared the children dependents of the court under section 300, subdivision (b), and removed the children from parental custody. The court granted Mother monitored visitation and reunification services, including a full drug and alcohol program, weekly drug testing, parenting education, individual counseling, and conjoint counseling with the children. The court bypassed reunification services for

---

[1]     Unless otherwise stated, all further statutory references are to the Welfare and Institutions Code.

2

Victoria's presumed father, who was currently incarcerated, and Elizabeth's alleged father, whose whereabouts were unknown.

As of the six-month review hearing, the children were thriving in the care of N.B., and were closely bonded to her. Mother rarely visited the children, and made no effort to comply with her reunification services. DCFS's attempts to contact Mother had been unsuccessful, and her whereabouts were unknown. At the December 13, 2019 six-month review hearing, the juvenile court found that Mother had not made substantial progress with her case plan, terminated her reunification services, and set the matter for a section 366.26 permanency planning hearing.

Due to the COVID-19 pandemic, the section 366.26 hearing was not held until January 15, 2021. As of that date, N.B. continued to provide the children with a nurturing home environment, and they were doing well in her care. N.B. expressed that she wanted to be appointed the children's legal guardian to ensure their well-being, but she was not comfortable with the termination of parental rights given their young ages. Mother's visits with the children had been infrequent and inconsistent, she still had not participated in any services, and her whereabouts remained unknown. At the January 15, 2021 section 366.26 hearing, at which Mother did not appear, the juvenile court found that notice to Mother was proper, and ordered legal guardianship as the children's permanent plan. The court continued the hearing to address issues related to the children's respective fathers.

On July 15, 2021, Mother filed a section 388 petition, requesting that the juvenile court reinstate her reunification services and vacate the section 366.26 hearing. Mother alleged

that she had enrolled in a parenting education course, had been involved in the proceedings, and had shown a willingness to engage in services. She also alleged that it was in the children's best interest to reunify with her given her newfound commitment to services. On July 21, 2021, the juvenile court denied Mother's petition without a hearing on the grounds that it did not state new evidence or a change of circumstances, and that the relief sought did not promote the children's best interests.

On July 29, 2021, Mother filed a second section 388 petition that included the prior allegations, and added a new allegation that she had completed a four-hour parenting education course and a four-hour drug and alcohol course. She also requested the children be returned to her care. On the same date, the juvenile court denied the second petition, again finding that Mother had failed to show new evidence or a change of circumstances, or that the requested relief was in the children's best interests.

At the July 29, 2021 section 366.26 hearing, at which Mother appeared by phone and was represented by counsel, the juvenile court found that notice to the parents was proper. Mother's counsel requested that the matter be set for a contested hearing to consider the beneficial parental relationship exception, or alternatively, that the order for legal guardianship allow Mother to receive medical updates for the children and increased visitation. The court denied the requests, explaining that the beneficial parental relationship exception did not apply where, as here, parental rights were not being terminated. The court also stated that the legal guardian would be responsible for deciding whether to share the children's medical information with Mother, and that the current order for monitored visits, a minimum of nine hours per week, was reasonable and appropriate. The court

4

found, by clear and convincing evidence, that the children were adoptable but living with a relative who was unable or unwilling to adopt them, that it would be detrimental to the children to remove them from their relative, and that a legal guardianship was in their best interests. The court ordered a legal guardianship for the children, and appointed N.B. as their guardian. Having received the letters of guardianship, the court terminated jurisdiction.

Mother filed an appeal from the juvenile court's orders denying her two section 388 petitions and granting a legal guardianship for the children. After examining the record, Mother's appellate counsel filed an opening brief which raised no issues, and advised Mother that she could request permission from this court to file a supplemental brief upon a showing of good cause that an arguable issue exists. (*Phoenix H.*, *supra*, 47 Cal.4th at p. 843–844.) On March 29, 2023, Mother filed a one-page letter brief in which she asserted that her rights under the First, Fourth, and Fourteenth Amendments were violated, and that the evidence was insufficient to support the juvenile court's actions and decisions.

This court presumes a trial court judgment is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) An appellant bears the burden of establishing error. Where an appellant does not establish an error, we may dismiss the appeal. (*Sade C.*, *supra*, 13 Cal.4th at p. 994.) Unlike in a criminal case, we have no duty to conduct an independent review of the record. (*Phoenix H.*, *supra*, 47 Cal.4th at pp. 841–843.)

In this case, Mother's supplemental brief identifies no arguable issues on appeal. Mother has not raised any arguable issues regarding an alleged violation of her constitutional rights.

She also has not raised any arguable issues regarding the sufficiency of the evidence supporting the juvenile court's findings and orders.  We accordingly dismiss Mother's appeal.  (*Phoenix H.*, *supra,* 47 Cal.4th at p. 846; *Sade C.*, *supra,* 13 Cal.4th at p. 994.)

## DISPOSITION

The appeal is dismissed.

VIRAMONTES, J.

We concur:

GRIMES, Acting P. J.

WILEY, J.